<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

January 26, 2026

Gareth David de Santiago Keene
211 Graphic Boulevard
New Milford, NJ 07646
*Pro se Plaintiff*

Michael L. Berry
Ballard Spahr LLP
1735 Market Street
51st Floor
Philadelphia, PA 19103
*Counsel for Defendant Paramount Global*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

**Re:** *Gareth David de Santiago Keene, et al. v. George Cheeks, et al.*, Civ. No. 25-7375 (SDW) (LDW)

Counsel:

Before this Court is Defendant Paramount Global's[1] ("Paramount Global") Motion to Dismiss (D.E. 7 ("Motion"))[2] Plaintiff Gareth David de Santiago Keene's ("Keene") Amended Complaint (D.E. 4 ("AC")) and Keene's Motion for a Temporary Restraining Order (D.E. 6 ("TRO Motion")) pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6) and 65 and Local Civil Rule ("Local Rule") 65.1. Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78.

---

[1] All Defendants other than Paramount Global have not appeared or answered the original or Amended Complaint. However, because the rationale articulated in the Motion applies to all Defendants, this Court may decide if the Amended Complaint should be dismissed against all Defendants. *See Casser v. Twp. of Knowlton*, 803 Fed. App'x 602, 605 (3d Cir. 2020) (holding that a motion to dismiss the entire case is appropriate if the same rationale applies to all defendants).

[2] Citations to "D.E." refer to the docket entries for the parties' motion papers, including briefs and the documents attached to and referenced therein.

For the reasons set forth herein, Defendant's Motion is **GRANTED** and Plaintiff's TRO Motion is **DENIED**.

I.     FACTUAL AND PROCEDURAL BACKGROUND

This action arises from an alleged extensive conspiracy orchestrated by Defendant Paramount Global to prevent Keene, a New Jersey attorney, from marrying Maria Jose Fernandez-Cote de Pablo[3] ("Fernandez"), who Keene claims is secretly engaged to him. (AC at 10, 14.) Fernandez is an actress who portrays the fictional character "Special Agent Ziva David" on the CBS television show "NCIS."[4]  In the show, Special Agent Ziva is the mother of "Tali." Keene names Tali as co-Plaintiff in this case and claims to be her anticipated stepfather, even though Tali is a fictional character. (*Id.* at 1.) Keene brings this lawsuit on behalf of Fernandez and Tali and does so based on a "General Durable Power of Attorney." (D.E. 4-2.) This document, notarized by a California public notary whose name and commission number does not exist in public records, grants Keene vast control over Fernandez and Tali's affairs, allowing him to make medical decisions on their behalf and represent them in legal matters involving CBS and NCIS, among other things.[5] (*Id.* at 2–4.)

Keene alleges that to prevent him from marrying Fernandez, Defendants have: (1) kidnapped Fernandez and Tali, held them hostage, and stolen their phones and belongings; (2) confiscated Fernandez's passport, subjected her to interrogations and a bodily search, and falsely reported her to the Drug Enforcement Administration ("DEA"); and (3) assaulted Tali. (AC ¶¶ 14–15, 24–25.) Keene further contends that Defendants have breached their contracts with Fernandez, pointing to an alleged 2008 contract between CBS and Fernandez for 50 billion dollars and a 2021 contract for 500 million dollars. (*Id.* at 2–3.) Keene states that George Cheeks, the former President and Chief Executive Officer of CBS, has admitted liability for the breaches of contract and agreed to pay Keene 7 billion dollars and to recognize his impending marriage to Fernandez. (*Id.* ¶ 9.) Based on these claims, Keene seeks 500 billion dollars, life imprisonment sentences for Defendants, an order terminating all of Defendants' "special privileges" or "movie

---

[3] Fernandez's professional name is "Cote de Pablo."  *See Cote de Pablo: Biography*, IMDB.com, https://www.imdb.com/name/nm1580243/bio/?ref_=nm_ov_bio_sm.

[4] This Court may take judicial notice of the nature of the television show "NCIS" and the fictional characters therein because those facts are not subject to reasonable dispute. *See* Fed. R. Evid. 201(b); *see also NCIS: Tony & Ziva*, IMDB.com, https://www.imdb.com/title/tt31512256/.

[5] A legal representative of a third-party may satisfy the injury-in-fact requirement for constitutional standing "so long as the power of attorney grant was valid." *J by Sorotzkin v. Abaline Paper Prods., Inc.*, No. 20-08234, 2021 WL 2177547, at *3 (D.N.J. May 27, 2021) (holding that multiple defects in a power of attorney deemed it noncompliant and could not serve as a basis for standing for the legal representative). Under New Jersey law, a power of attorney must be in writing, signed, and acknowledged by an authorized official such as a public notary. *See* N.J. Stat. Ann. §§ 46:2B-8.9; 46:14-2.1, -6.1. Here, Keene's "General Durable Power of Attorney" is invalid as it appears to contain a falsified notary seal and thus he cannot appear on behalf of Fernandez or "Tali." *See* D.E. 4-2 at 6.

industry licenses" and a writ of habeas corpus for Defendants to release Fernandez and Tali, among other relief. (*Id.* ¶¶ 40, 46, 58, 61.)

On June 4, 2025, Plaintiff filed his first Complaint against Defendants George Cheeks, CBS Television, NCIS, Tony & Ziva, Paramount Global, Sky Dance, National Amusements, Inc., Donald Bellisario, Bellisario Productions, Michael P. Bellisario, Maizee Almas, Valerie Weiss, John Does 1, 2, 3, and Business Entities X, Y, Z (collectively, "Defendants".) (*See* D.E. 1.) Two months later, Plaintiff filed an Amended Complaint, alleging, among other things, violations of the Fifth Amendment, the Computer Fraud and Abuse Act under 18 U.S.C. § 1030, and the "Federal Kidnapping Act" under 18 U.S.C. § 1201. (*See generally* AC.) Shortly after filing his Amended Complaint, Keene filed his TRO Motion, wherein he repeats the same allegations in his Amended Complaint and seeks the same relief. (*See* D.E. 6 ¶¶ 2–37.) Timely briefing ensued. (*See generally* D.E. 7, 10, 11.)

## II.   LEGAL STANDARD

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining whether allegations are plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, federal courts "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff," and determine "whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichik*, 605 F.3d 223, 229 (3d Cir. 2010). However, courts are not required to "credit 'bald assertions or legal conclusions' improperly alleged in the complaint," nor are they required to credit allegations that are "sufficiently fantastic to defy reality as we know it." *Debiasa v. Donnelly*, No. 16-552, 2016 WL 4620370, at *2–3 (D.N.J. Sept. 6, 2016) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997)); *Iqbal*, 556 U.S. at 696.

## III.   DISCUSSION

Defendant Paramount Global seeks to dismiss the Amended Complaint in its entirety. (*See generally* D.E. 7-1.) Plaintiff impermissibly brings his claims on behalf of Fernandez and Tali, arguing that Defendants have orchestrated an extensive corporate conspiracy to prevent Fernandez from marrying him. (*See generally* AC.) Plaintiff alleges that Defendants will stop at nothing to achieve this goal—they have kidnapped and falsely imprisoned Fernandez and Tali, stolen their phones, passports and luggage, falsely reported them to the DEA and conducted unlawful body searches, and hacked into Plaintiff's phone, among many other crimes. (*Id.* ¶¶ 12, 15, 24, 25, 49.) Plaintiff further contends that Defendants entered multiple contracts worth billions of dollars with

3

Fernandez for her acting work, and requests that those payments be remitted to himself. (*Id.* at 2–4.) Paramount Global asserts that: (1) Keene has not established federal subject matter jurisdiction because his pleadings are facially insufficient; (2) the Amended Complaint should be dismissed because the allegations are not based in reality; (3) leave to amend should be denied because Keene has based his claims on fabricated evidence and has failed to demonstrate that an amendment would not be futile; and (4) the TRO Motion should be denied because Keene's claims are factually baseless. (*See* D.E. 7-1 at 6, 11–17.)

### A. Motion to Dismiss

On a motion to dismiss, courts must construe the complaint in the light most favorable to the plaintiff and determine if any reasonable reading of the complaint entitles the plaintiff to some relief. *Mayer*, 605 F.3d at 229. Even against such a generous standard, courts need not credit "allegations that are sufficiently fantastic to defy reality as we know it." *Iqbal*, 556 U.S. at 696.

Here, Keene's Amended Complaint is based solely on fantastic scenarios that are facially impossible or entirely divorced from reality. Keene's allegations stem from his alleged engagement to Fernandez and an extensive corporate conspiracy by Defendants to prevent him from marrying her. Keene contends that Defendants have kidnapped Fernandez and are keeping her hostage, committing numerous crimes in the process, including making false reports to federal law enforcement, rerouting planes, and digital hacking. Despite these drastic measures, Keene fails to explain why Defendants are so opposed to Keene's marriage to his alleged fiancée. According to Keene, Defendants have nevertheless agreed to pay Keene 7 billion dollars for a contract between Fernandez and CBS. Lastly, Keene claims a factual impossibility: that he is Tali's anticipated stepfather, a fictional character on NCIS and not a real child. Because Keene's claims are all based on factual impossibilities and fantastic premises and are precisely of the kind courts are not required to credit, he has failed to state a claim upon which relief can be granted.

Leave to amend should be freely granted in the absence of inequity and futility. Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that leave to amend should be granted in the absence of "undue delay, bad faith . . . futility of amendment"). Here, however, granting leave would be both inequitable and futile. Keene's allegations are largely based on fabricated evidence such as fictitious communications with Defendant Cheeks, forged notaries, or delusional premises that indicate bad faith. Moreover, given the clear implausibility and lack of factual basis for Keene's claims, any amendment would be futile. As such, leave to amend is denied and the Amended Complaint is dismissed with prejudice.

### B. Plaintiff's Motion for Temporary Restraining Order

The standard for issuing a temporary restraining order and a preliminary injunction is the same. *Mirashi v. Doe*, No. 25-1805, 2025 WL 893003, at *3 (D.N.J. Mar. 21, 2025) (citing *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017)). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). When considering whether

to grant a preliminary injunction, courts must decide whether the movant has shown: "(1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010) (quoting *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010)).  A motion for temporary restraining order is denied as moot when the complaint is dismissed on the merits, because the underlying case is gone.  *See Cammarata v. Donnelly*, No. 24-1000, 2025 WL 96446, at *5 (D.N.J. Jan. 15, 2025) (dismissing a complaint and thereby concluding the motion for a temporary restraining order was moot).

Here, because Keene's Amended Complaint is dismissed for failure to state a claim upon which relief can be granted, his TRO Motion is moot.  Even if it was not moot, his TRO Motion is baseless because his allegations lack factual basis and are largely divorced from reality.  As such, Keene's TRO Motion is denied.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED WITH PREJUDICE**.  Plaintiff's Motion for a Temporary Restraining Order is **DENIED**.  An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
   Leda D. Wettre, U.S.M.J.